## C. H. CROSIER v. GEORGE STILLSON.

JANUARY TERM, 1895.

*Writ of replevin.  Where returnable.  May be served in
another county when situs of goods changed.
Motion to dismiss.*

1.  A writ in replevin must be made returnable in the county
    where the goods are detained at the time the suit is begun;
    and if they are afterwards removed into another county, it
    may be served there.
2.  Upon a motion to dismiss, the statement in the declaration of
    the place where the property is detained controls as against
    the return of the officer that he served the writ in another
    county.

Replevin for a mare.  Heard upon the defendant's mo-
tion to dismiss at the September term, 1894, Rutland county,
START, J., presiding.  The motion was overruled, and the
defendant excepted.

*J. C. Baker* for the defendant.

The detention and not the original taking determines the
venue.  *Rowe* v. *Hicks*, 58 Vt. 18.

*Fayette Potter* for the plaintiff.

The writ shows that the property was detained in Rutland
county, hence the suit was properly made returnable there.

TAFT, J.  This is an action of replevin, returnable in

Rutland county. The writ was served at Rupert in Bennington county. It is provided in R. L., s. 1231, that when a writ of replevin for goods and chattels is issued, it "shall be returnable to the county court for the county in which the goods are detained." The defendant moved to dismiss the action, for that it appears from the writ and officer's return' that the property replevied was detained at Rupert in Bennington county, and that the action could.be commenced and prosecuted only in that county. It is alleged in the declaration that the detention of the mare replevied was at Pawlet in Rutland county. The return of the officer shows that the writ was served in Bennington county. If the mare was detained at Pawlet, and we must be governed in that respect by the declaration, the writ was properly made returnable in Rutland county. Property detained in one county may be sued for in replevin, and the writ served in another county, if the situs of the property in the meantime has been changed. Such seems to be the case under consideration. The motion to dismiss was properly overruled.

*Judgment affirmed and cause remanded.*